**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR R CYRUS, JR,                           No C-09-1854 VRW (PR)

          Petitioner,

         v                              ORDER TO SHOW CAUSE

WARDEN, CALIFORNIA STATE PRISON-
SOLANO,

          Respondent.
                                   /

          Petitioner, a state prisoner at the California State Prison, Solano in Vacaville, California, has filed a pro se petition for writ of habeas corpus under 28 USC § 2254 challenging a judgment of conviction from Contra Costa County superior court.

I

          In June 2002, petitioner was sentenced to state prison for 25 years to life following his conviction by jury of murder. In addition, petitioner received a consecutive 10-year term stemming from a jury's true finding that he personally and intentionally discharged a firearm causing great bodily injury in committing the

murder.

On July 9, 2004, the California Court of Appeal affirmed the judgment of the trial court and, on September 22, 2004, the Supreme Court of California denied a petition for review.

On December 1, 2005, petitioner filed in this court a habeas action under 28 USC § 2254 challenging his conviction. See Cyrus v Kernan, No C 05-4975 VRW (PR) (ND Cal filed Dec 1, 2005). But because some of the claims in the petition were not exhausted, the court dismissed the petition without prejudice subject to petitioner returning to federal court after exhausting all of the claims.

On March 24, 2008, petitioner filed a new federal petition. See Cyrus v Rivlin, No C 08-1587 VRW (PR) (ND Cal filed March 24, 2008). But again, the court dismissed this petition without prejudice on exhaustion grounds.

On October 1, 2008, petitioner filed another federal petition. See Cyrus v Sisto, No C 08-4581 VRW (PR) (ND Cal filed Oct 1, 2008). And again the court dismissed the petition without prejudice subject to petitioner returning to federal court after exhausting all of his claims in state court.

On April 28, 2009, petitioner filed the instant petition for writ of habeas corpus, and states he has exhausted all of the claims raised therein. Doc #1 at 6; see also Doc #2 at 1 (copy of Feb 25, 2009 California Supreme Court order denying petition for writ of habeas corpus).

//

II

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

Petitioner seeks federal habeas corpus relief by raising the following five claims: (1) ineffective assistance of counsel on various grounds; (2) wrongful denial of a motion to substitute counsel; (3) discriminatory use of peremptory challenges; (4) denial of right to testify on one's behalf; and (5) improper admission of evidence. Liberally construed, these claims appear exhausted and cognizable under § 2254, and merit an answer from respondent. See Zichko v Idaho, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

III

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3

United States District Court
For the Northern District of California

       2.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

       3.    In lieu of an answer, respondent may file a motion to dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

//
//
//
//
//
//
//
//

4

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner also must keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.09\Cyrus-09-1854-osc.wpd