1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

| | | |
|---|---|---|
| VICTOR RENARD CYRUS, JR., | ) | No. C 09-01854 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS; DENYING |
| vs. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| | ) | |
| ANTHONY HEDGPETH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

12
13
14
15
16
17
18
19
20
21

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus (hereafter, "Petition") pursuant to 28 U.S.C. § 2254 concerning his 2002 conviction in Contra Costa County Superior Court.[1]  After careful consideration of all relevant papers, and for the reasons set forth below, the Petition is DISMISSED as untimely.  In addition, no certificate of appealability will be issued.

22

**BACKGROUND**

23
24
25
26
27

In 2002, Petitioner was convicted by jury of first degree murder, with enhancements for personal firearm use and acting for the benefit of a criminal street gang.  *See* Docket No. 1 at 2. He was sentenced to state prison for 25 years to life for murder, consecutive to a 10-year term for use of a firearm, for a total term of 35 years to life.  *See id.*

28

---

[1]  This case was reassigned to the undersigned judge on September 6, 2012.

1   On July 9, 2004, the California Court of Appeal affirmed Petitioner's sentence.  *See*

2   Docket No. 16, Ex. C-4.  On September 22, 2004, the California Supreme Court denied review.

3   *See* Docket No. 16, Ex. D-2.

4         On December 1, 2005, Petitioner filed his first federal habeas petition in federal court.

5   *See Cyrus v. Kernan*, No. C 05-4975 VRW (PR) (hereafter, "*Cyrus I*").  Petitioner raised six

6   claims: (1) he was denied due process, a representative jury, and a fair trial by the prosecutor's

7   discriminatory use of peremptory challenges; (2) he was denied effective assistance of counsel

8   when the trial court denied his *Mardsen* motion; (3) he was denied due process and a fair trial by

9   the erroneous admission of a San Francisco homicide and the prosecution's violation of the trial

10  court's protective order; (4) he was denied his right to testify by trial counsel's refusal to allow

11  him to testify; (5) he was denied effective assistance of counsel when his trial counsel failed to

12  investigate, failed to interview a witness, and failed to present testimony by an exculpatory

13  witness at trial; and (6) he was denied effective assistance of counsel when his trial counsel failed

14  to object or move for a mistrial when a witness' testimony violated the trial court's in limine

15  order.

16        Per Order filed on May 10, 2007, the Court found that two of Petitioner's six habeas

17  claims (claims 4 and 6) were not exhausted under 28 U.S.C. § 2254.  *See* Order at 2, *Cyrus I*

18  (N.D. Cal. May 10, 2007).  The Court notified Petitioner that, under the law of the Circuit,

19  Petitioner had the option of either withdrawing his unexhausted claims (claims 4 and 6) and

20  proceeding only on his exhausted claims (claims 1, 2, 3, and 5), or dismissing the entire mixed

21  petition and returning to federal court with a new petition once all claims are exhausted.  *Id.*  The

22  Court also informed Petitioner that pursuant to *Rhines v. Webber*, 544 U.S. 269, 277 (2005),

23  Petitioner could seek a stay of his case if he could demonstrate that there was good cause to

24  exhaust his unexhausted claims in state court, and that the unexhausted claims were potentially

25  meritorious.  *Id.* at 2 n.1.

26        On June 12, 2007, Petitioner informed the Court that he wished to dismiss the entire

27  mixed petition and return to federal court with a new petition once all claims were exhausted.  *See*

28  Decl. at 2, *Cyrus I* (N.D. Cal. June 12, 2007).  Accordingly, pursuant to Petitioner's election, the

1   Court dismissed the action without prejudice to Petitioner refiling a new federal petition

2   containing only exhausted claims. *See* Order of Dismissal at 2, *Cyrus I* (N.D. Cal. June 15,

3   2007).

4       Eight months later, on March 24, 2008, without exhausting his claims in state court,

5   Petitioner again filed a habeas petition in federal court. *See Cyrus v. Rivlin et al.*, No. 08-1587

6   (N.D. Cal. March 24, 2008) (hereafter "*Cyrus II*"). This petition raised the same claims which

7   Petitioner raised in his first federal habeas petition.[2] *See* Pet. at 6, *Cyrus II* (N.D. Cal. March 24,

8   2008). In this petition, Petitioner answered in the affirmative when asked if there were any

9   petition, appeal, or post-conviction proceeding pending in any court. *Id.* at 5. On May 23, 2008,

10  *Cyrus II* was dismissed for failure to exhaust state remedies. *See* Order of Dismisal, *Cyrus II*

11  (N.D. Cal. May 23, 2008). The Court noted that Petitioner's unexhausted claims were still

12  pending in the state courts. *Id.* at 2. The action was dismissed without prejudice to refiling once

13  all claims were exhausted. *Id.* Petitioner was ordered to wait until the Supreme Court of

14  California ruled on his claims before filing another habeas petition in federal court. *Id.*

15      During the pendency of *Cyrus II*, Petitioner commenced state court collateral proceedings

16  to exhaust his unexhausted claims. On April 4, 2008, Petitioner filed a habeas petition in the

17  California Court of Appeal. *See* Docket No. 16, Ex. E-1. This petition was denied without

18  prejudice for failure to exhaust his Superior Court habeas remedy. *Id.* Petitioner filed a habeas

19  petition in the Superior Court, and in July 2008, filed again in the California Court of Appeal. *Id.*,

20  Ex. E-2. The California Court of Appeal denied his habeas petition on August 5, 2008. *Id.*

21      Although Petitioner's state court proceedings were still pending, on October 1, 2008,

22  Petitioner filed yet another federal habeas petition. *See Cyrus v. Rivlin*, No. 08-4581 (N.D. Cal.

23  October 1, 2008) (hereafter "*Cyrus III*"). This petition raised the same claims that Petitioner had

24  raised in his first and second federal habeas petition. *See* Pet. at 6-7, *Cyrus III* (N.D. Cal. October

25  1, 2008). On October 8, 2008, the Court dismissed Petitioner's third federal habeas petition for

26  failure to exhaust his state remedies with respect to all claims. *See* Order of Dismissal, *Cyrus III*

27  _____

28      [2] Petitioner listed only three claims in the habeas petition filed in *Cyrus II*. However,
        these three claims encompass the six claims presented in the habeas petition filed in *Cyrus I*.

1    (N.D. Cal. October 8, 2008).  The Court noted that although claims 4 and 6 of his second federal

2    habeas petition were denied by the California Court of Appeal on August 5, 2008, these claims

3    had not yet been presented to the California Supreme Court.  *Id.* at 2.

4          On November 14, 2008, Petitioner filed a habeas petition in the California Supreme Court,

5    which was denied on February 25, 2009.  *See* Docket No. 16, Exs. E-3 and E-4.  In denying the

6    petition, the California Supreme Court cited *In re Waltreus*, 62 Cal. 2d 218 (1965), and *In re*

7    *Robbins*, 18 Cal. 4th 770, 780 (1998).

8          On April 28, 2009, Petitioner filed the instant Petition – his fourth habeas petition in

9    federal court.  In the instant Petition, Petitioner raises the same six claims that he raised in his

10   first, second, and third federal habeas petitions.

11                                          **DISCUSSION**

12         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

13   April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of

14   habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state

15   convictions or sentences must be filed within one year of the latest of the date on which:  (A) the

16   judgment became final after the conclusion of direct review or the time passed for seeking direct

17   review; (B) an impediment to filing an application created by unconstitutional state action was

18   removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was

19   recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

20   made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have

21   been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

22         A state prisoner with a conviction finalized after April 24, 1996, as in the case of

23   Petitioner, ordinarily must file his federal habeas petition within one year of the date his process

24   of direct review came to an end.  *See Calderon v. United States District Court (Beeler)*, 128 F.3d

25   1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States*

26   *District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).  The one-year period generally will

27   run from "the date on which the judgment became final by the conclusion of direct review or the

28   expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  If a petitioner could

1  have sought review by the state court of appeals or the state supreme court but did not, the

2  limitation period will begin running against him the day after the date on which the time to seek

3  such review expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), *abrogation on*

4  *other grounds recognized by Moreno v. Harrison*, 245 Fed. Appx. 606, 608 (9th Cir. 2007).

5       The one-year statute of limitations is tolled under 28 U.S.C. § 2244(d)(2) for the "time

6  during which a properly filed application for State post-conviction or other collateral review with

7  respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application

8  for federal habeas corpus review is not an "application for State post-conviction or other

9  collateral review" within the meaning of Section 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167,

10  180-81 (2001). Thus, the running of the limitation period is not tolled for the period during which

11  a petition is pending in federal court. *Id.* at 181.

12       Petitioner's state judgment became final on December 21, 2004, ninety days after the

13  California Supreme Court denied review on direct appeal. *See Miranda v. Castro*, 292 F.3d 1063,

14  1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became

15  final 90 days after the California Supreme Court denied review). Petitioner had one year from

16  that date, or until December 21, 2005, to file a timely federal petition. *See Patterson v. Stewart*,

17  251 F.3d 1243, 1246 (9th Cir. 2001).

18       Petitioner timely filed a habeas petition in federal court on December 1, 2005.[3] *See* Pet.,

19  *Cyrus I* (N.D. Cal. December 1, 2005). However, because the habeas petition filed in *Cyrus I*

20  contained both exhausted and unexhausted claims, the Court notified Petitioner that, under the

21  law of the circuit, Petitioner had the option of either withdrawing his unexhausted claims (claims

22  4 and 6) and proceeding only on his exhausted claims (claims 1, 2, 3, and 5), or dismissing the

23  entire mixed petition and returning to federal court with a new petition once all claims are

24

25       [3] Although Petitioner did not file his habeas petition until December 27, 2005, he clearly
signaled his intent to seek habeas relief on December 1, 2005, when he filed a letter in federal
26  court stating that he intended to file a federal action seeking a writ of habeas corpus and that he
had sent his sole copy of his habeas petition to the California Attorney General's office.
27  Accordingly, the Court considers his federal habeas petition filed as of December 1, 2005, which
is the date that the 2005 action was opened, rather than the later date of December 27, 2005,
28  which is the date when his petition was received by the Court.

1    exhausted.  *See* Order at 2, *Cyrus I* (N.D. Cal. May 10, 2007).  The Court also informed Petitioner

2    that pursuant to *Rhines v. Webber*, 544 U.S. 269, 277 (2005), Petitioner could seek a stay of his

3    case if he could demonstrate that there was good cause to exhaust his unexhausted claims in state

4    court, and that the unexhausted claims were potentially meritorious.  *Id.* at 2 n.1.  On June 12,

5    2007, Petitioner informed the Court that he wished to dismiss the entire mixed petition and return

6    to federal court with a new petition once all claims were exhausted.  *See* Decl. at 2, *Cyrus I* (N.D.

7    Cal. June 12, 2007).  Accordingly, the Court dismissed the action without prejudice to Petitioner

8    refiling a new federal petition containing only exhausted claims.  *See* Order of Dismissal at 2,

9    *Cyrus I* (N.D. Cal. June 15, 2007).

10          Petitioner's voluntary dismissal of *Cyrus I* rendered all subsequent federal habeas

11    petitions untimely.  Under 28 U.S.C. § 2244(d), Petitioner had until December 21, 2005, to file

12    his federal habeas petition.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

13    Petitioner's first federal habeas petition, filed on December 1, 2005, was therefore timely filed.

14    All subsequent federal habeas petitions, however, including the instant Petition, were filed after

15    the one-year statute of limitations period expired on December 21, 2005, and therefore untimely.

16          This instant Petition is timely only if the statute of limitations was tolled until April 28,

17    2009 (the date this Petition was filed), or if the commencement of the limitations period was

18    delayed until April 28, 2009, or if the instant Petition is entitled to equitable tolling.  As discussed

19    below, none of these exceptions apply here.  The Court also addresses below Petitioner's

20    contention that his first federal habeas petition, *Cyrus I*, was incorrectly dismissed.

21          A.    Tolling of the Limitations Period

22          The one-year statute of limitations can be statutorily tolled pursuant to § 2244(d)(2) for

23    the "time during which a properly filed application for State post-conviction or other collateral

24    review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  No

25    application for State post-conviction or other collateral review was filed until Petitioner filed a

26    habeas petition in the California Court of Appeal on April 4, 2008, *see* Docket No. 16, Ex. E-1,

27    over two years after the one-year statute of limitations had expired on December 21, 2005.

28    Accordingly, Petitioner's state habeas petition did not toll the one-year statute of limitations.

1    Nor can Petitioner's state habeas petition filed in 2008 be regarded as a continuation of the

2    state collateral review proceedings which he commenced in 2004.  An application for collateral

3    review is "pending" in state court "as long as the ordinary state collateral review process is 'in

4    continuance' – *i.e.*, 'until the completion of' that process."  *Carey v. Saffold*, 536 U.S 214, 219-20

5    (2002).  In other words, until the application has achieved final resolution through the state's post

6    conviction procedures, by definition it remains "pending."  *Id.* at 220.  Petitioner's initial

7    application for collateral review achieved final resolution in September 2004.  The California

8    Court of Appeal affirmed Petitioner's sentence on July 9, 2004, Docket No. 16, Ex. C-4, and the

9    California Supreme Court denied review on September 22, 2004, Docket No. 16, Ex. D-2.

10   Accordingly, tolling under § 2244(d)(2) ended on September 22, 2004.  *See* Cal. Rule of Court

11   8.532(b)(2) (orders issued by the California Supreme Court after January 1, 2003, denying a

12   petition for a writ of habeas corpus within the California Supreme Court's original jurisdiction are

13   final upon filing).  Petitioner's return to state court four years later initiated a new and separate

14   round of state collateral review.  *See, e.g., Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)

15   (finding that petitioner initiated a new round of collateral review when he filed a new habeas

16   petition in the Superior Court and was therefore not entitled to tolling of the 129-day period

17   between when his first round of state collateral review was complete and when he began his

18   second round of state collateral review).

19       B.    Delayed Commencement of the Limitations Period

20       In most cases, the one-year limitations period will start on the date on which the judgment

21   becomes final after the conclusion of direct review or the time passes for seeking direct review.

22   However, pursuant to 28 U.S.C. § 2244 (d)(1)(B)-(D), the one-year statute of limitations may

23   start on a later date in certain cases.  However, a review of the record indicates that Petitioner is

24   not entitled to delayed commencement of the limitations period.  Specifically, there was no

25   unconstitutional or unlawful State-created action that prevented Petitioner from timely filing.  *See*

26   *id.* at § 2244(d)(1)(B).  Nor was there a right newly recognized by the Supreme Court and made

27   retroactively applicable to cases on collateral review which would allow Petitioner to obtain a

28   writ of habeas corpus.  *See id.* at § 2244(d)(1)(c).  Nor did Petitioner recently discover the factual

1  predicate of the claims presented, *see id.* at § 2244(d)(1)(D); in the instant Petition, Petitioner is

2  raising the same claims that he raised in *Cyrus I*, which he filed in 2005.

3            C.     Equitable Tolling of the Limitations Period

4           The Supreme Court has determined that the one-year statute of limitations is subject to

5  equitable tolling in appropriate cases.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "[A]

6  'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his

7  rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

8  timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Ninth

9  Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion"

10  should apply to him.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  The petitioner

11  also must show that "the extraordinary circumstances were the cause of his untimeliness, and that

12  the extraordinary circumstances made it impossible to file a petition on time."  *Ramirez v. Yates*,

13  571 F.3d 993, 997 (9th Cir. 2009) (internal quotations marks and citations omitted).

14            1)     Improper Dismissal of Mixed Petition

15           Equitable tolling is required where the district court's improper dismissal of a prisoner's

16  prior (usually mixed) petition, rather than the prisoner's lack of diligence, accounts for a failure to

17  file a timely petition.  *See Jefferson v. Budge*, 419 F.3d 1013, 1017 (9th Cir. 2005) (stating that

18  the "erroneous dismissal" of a mixed habeas petition is sufficiently extraordinary that it justifies

19  equitable tolling from the date the first habeas petition was dismissed until the date the second

20  habeas petition was filed).  A second petition relates back to, and preserves, the filing date of an

21  earlier petition only if the earlier petition was improperly dismissed by the court.  *Ford v.*

22  *Hubbard*, 330 F.3d 1086, 1102 (9th Cir. 2003) (relating back second petition where dismissal of

23  mixed petition was improper because district court had not informed *pro se* petitioner of stay

24  option or of petition's status under AEDPA's limitations period), *rev'd on other grounds sub*

25  *nom. Pliler v. Ford*, 542 U.S. 225 (2004).  A federal habeas petition is improperly dismissed

26  where the federal court dismisses the petition without providing the petitioner an opportunity to

27  dismiss his unexhausted claims and proceed on his exhausted claims.  *See, e.g.*, *Jefferson*, 419

28  F.3d at 1016 (petitioner was entitled to equitable tolling because district court dismissed his

mixed petition without giving him the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition so as to present only exhausted claims).

Petitioner is not entitled to equitable tolling because his initial federal habeas petition, filed in *Cyrus I*, was properly dismissed.  In *Cyrus I*, the Court specifically informed him:

> After careful review of the record, the court finds that claims 4 and 6 [denial of right to testify on one's behalf and ineffective assistance of counsel due to counsel's failure to object or move for a mistrial when a witness' testimony violated the court's in limine order] were not raised on direct appeal and therefore are not exhausted.  Petitioner may nonetheless still be able to exhaust those claims via state habeas.  *See, e.g.*, *Park v. California*, 202 F3d 1146, 1153-54 (9th Cir. 2000) (petitioner who failed to seek direct review from Supreme Court of California properly exhausted his claim and avoided procedural default because Supreme Court of California provided him with second change to present his claim via state habeas).
>
> Under the law of the circuit, the court must give petitioner the option of either withdrawing his unexhausted claims (claims 4 and 6) and proceeding only on his exhausted claims (claims 1, 2, 3, and 5), or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted.  *See Jefferson v. Budge*, 419 F3d 1013, 1016 (9th Cir. 2005); *Olvera v. Giurbino*, 371 F3d 569, 573 (9th Cir. 2004).

Order at 2, *Cyrus I* (N.D. Cal. May 10, 2007).  The Court further informed Petitioner that he could either withdraw his unexhausted claims and proceed only on his exhausted claims, or he could dismiss the entire mixed petition and return to federal court with a new petition once all claims were exhausted.  *Id.*  In a footnote, the Court also noted that Petitioner could seek a stay of the ongoing proceedings if he could show that there was good cause for his failure to exhaust his unexhausted claims in state court and that the claims were potentially meritorious.  *Id.* at 2 n.1.  In response, Petitioner informed the Court that he wished to dismiss the entire mixed petition and return to federal court with a new petition once all claims were exhausted.  *See* Decl., *Cyrus I*, (N.D. Cal. June 12, 2007).  Petitioner's choice to voluntarily dismiss his mixed petition effectively foreclosed federal habeas relief for Petitioner because it rendered all his subsequent federal habeas petitions untimely.  Therefore, in voluntarily dismissing his mixed petition, Petitioner was no longer able to return to federal court after he exhausted all his claims.

Although Petitioner's voluntary dismissal foreclosed federal habeas relief for Petitioner, this does not render the dismissal improper.  The Supreme Court has clearly stated that mixed petitions must be dismissed, pursuant to its holding in *Rose v. Lundy*, 455 U.S. 509 (1982).  *See*

1    *Pliler v. Ford*, 542 U.S. 225, 227 (2004) ("Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71

2    L.Ed.2d 379 (1982), federal district courts must dismiss "mixed" habeas corpus petitions - those

3    containing both unexhausted and exhausted claims."). Furthermore, although a district court is

4    required to provide Petitioner an opportunity to delete his unexhausted claim and proceed with his

5    exhausted claims, *see Jefferson*, 419 F.3d at 1017, the Supreme Court has specified that a district

6    court is not required to advise a *pro se* prisoner that his federal claims could be time-barred if he

7    opted to dismiss his mixed petition, even if the dismissal was without prejudice, *see Pliler*, 542

8    U.S. at 231-34. Here, the district court in *Cyrus I* properly advised him that he had the option of

9    either dismissing his entire mixed petition or of dismissing just his unexhausted claims and

10   proceeding in federal court on his exhausted claims. The district court even advised him that he

11   had the option of seeking a stay while he returned to state court to exhaust his claims. The district

12   court was not required to advise Petitioner as to the "availability and wisdom" of the options

13   before him. *Pliler*, 542 U.S. at 233. The district court's dismissal of *Cyrus I* pursuant to

14   Petitioner's election was therefore a proper dismissal of the mixed petition filed in *Cyrus I*, and

15   equitable tolling is unavailable to toll the one-year limitations period. *See, e.g.*, *Brambles v.*

16   *Duncan*, 412 F.3d 1066, 1070-71 (9th Cir. 2005) (equitable tolling unavailable for petitioner who

17   chose to dismiss his mixed petition and return to state court to exhaust his state remedies and

18   where district court did not inform petitioner that the dismissal of his petition "would effectively

19   be final unless he could establish that the statute of limitations period was equitably tolled, and

20   that the stay and abey process was available.").

21                          2)    Erroneous Dismissal of Mixed Petition

22         Petitioner argues the first petition filed in *Cyrus I* was erroneously dismissed because "[i]n

23   hindsight, a review of the record will show that all claims raised in this Writ of Habeas Corpus

24   had, in fact, been exhausted in state court proceedings. But, as a laymen at law, petition[er]

25   embarked on the necessary journey of 'officially' exhausting the claims in dispute. *See* New Trial

26   Motion CT 772-823, Appellant's Opening Brief, pages 44-52." Docket No. 26 at 14.

27         Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings

28   the fact of their confinement are first required to exhaust state judicial remedies, either on direct

---

Order Dismissing Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.09\Cyrus1854hcden.wpd                    10

1   appeal or through collateral proceedings, by presenting the highest court available with a fair

2   opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See*

3   28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court

4   must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan*

5   *v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's

6   established appellate review process."). It is not sufficient to raise only the facts supporting the

7   claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the

8   attention of the state court. *See Picard v. Connor*, 404 U.S. 270, 277 (1971). "[M]ere similarity

9   of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (stating that

10  "essentially the same" standard of *Tamapua v. Shimoda*, 796 F.2d 261, 262–63 (9th Cir. 1986),

11  "is no longer viable" in light of *Duncan*). Constitutional claims are not fairly presented to the

12  state courts and therefore are not exhausted if, for example, the claims in the federal petition and

13  those presented to the state courts (1) arose under different federal constitutional provisions

14  (including different clauses in the same constitutional amendment, e.g., the due process and equal

15  protection clauses of the 14th Amendment), *see Brown v. Cuyler*, 669 F.2d 155, 159 (3d Cir.

16  1982); (2) arose under the same constitutional provision but are logically distinct or are based on

17  different and unrelated lines of precedent, *see Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("28

18  U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a 'fair

19  opportunity' to apply controlling legal principles to the facts bearing upon his constitutional

20  claim.").

21          Contrary to Petitioner's assertion, the initial federal habeas petition filed in *Cyrus I* was

22  properly dismissed for failure to exhaust state remedies. Petitioner's unexhausted claims in *Cyrus*

23  *I* were presented as follows:

24          Claim 4: Petitioner's state and federal constitutional rights to testify on his
25          own behalf by his trial counsel's refusal to allow him to do so and by the trial
            courts erroneous ruling allowing in SFC case.
26
            Petitioner complained on record that counsel would not allow him to testify in
27          his own behalf. He made an outburst and left court. Counsel said Petitioner
            agreed not to testify, but a waiver was never made by Petitioner. Petitioner
28          wanted to testify.

. . .

Claim 6:  Petitioner was deprived of his state and federal constitutional rights
to the effective assistance of counsel by the trial counsel's violation of court's
protective order.

Trial counsel violated the court's protective order during cross-examination of
key prosecution witness.  This was the most important ruling in the case —
the deficient performance by trial counsel was damaging.

Petition at 7, *Cyrus I* (N.D. Cal. December 27, 2005).  While Petitioner raised these claims in a post-verdict, pre-appeal motion for new trial, *see* Docket No. 16, Ex. A at 777-80 and 790-94, he did not present these claims for review to the California Supreme Court.  Accordingly, these claims were not exhausted, *see O'Sullivan*, 526 U.S. at 845, and *Cyrus I* was properly dismissed for failure to exhaust.

Petitioner argues that he raised these claims on direct appeal and to the California Supreme Court, but an examination of the record indicates that his right to testify claim raised in the state proceedings was logically distinct from the claim raised in *Cyrus I* and his ineffective assistance of counsel claim raised in the state proceedings was factually distinct from the claim raised in *Cyrus I*.

In *Cyrus I*, Petitioner argued that his right to testify was violated both by the trial court's erroneous ruling to allow cross-examination regarding the August 1998 San Francisco murder and by trial counsel's refusal to allow him to testify, but focuses his argument solely on trial counsel's refusal to allow him to testify.  *See* Petition at 7, *Cyrus I* (N.D. Cal. December 27, 2005).  However, in his state proceedings, Petitioner argued that his "state and federal constitutional rights to testify on his own behalf were violated by the trial court's erroneous ruling that the prosecutor could cross-examine him about the August 1998 San Francisco murder if he testified regarding his alibi to the charged murder."  *See* Docket No. 16, Ex. C-1 at 68-73 (appellant's opening brief) and D-1 at 24-27 (petition for review to exhaust state remedies).  Petitioner's habeas claim that his constitutional rights were violated by trial counsel's refusal to allow him to testify is distinct from his claim that the trial court erred in allowing the prosecution to cross-examine him regarding the August 1998 San Francisco murder because it impeded his right to testify.  The two claims are logically distinct and are based on different and unrelated

1   lines of precedent.

2       Similarly, in *Cyrus I*, Petitioner argued that trial counsel was ineffective because trial

3   counsel violated the trial court's protective order in cross-examining the key prosecution

4   witness. *See* Petition at 7, *Cyrus I* (N.D. Cal. December 27, 2005).   However, in his state

5   proceedings, Petitioner argued that trial counsel was ineffective for failing to investigate and

6   interview exculpatory witness Anthony Bing and present Mr. Bing's testimony at trial. *See*

7   Docket No. 16, Ex. C-1 at 73-90 (appellant's opening brief) and D-1 at 28-29 (petition for

8   review to exhaust state remedies).  Petitioner failed to present the specific factual basis for his

9   federal ineffective assistance of counsel claim to the highest state court, and therefore his

10  ineffective assistance of counsel claim presented in *Cyrus I* was unexhausted at the time *Cyrus I*

11  was filed. *See Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003) *overruled on other*

12  *grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007) (finding unexhausted ineffective

13  assistance of counsel and prosecutorial misconduct claims where specific instances of

14  ineffectiveness and misconduct asserted in federal petition were neither in the California

15  Supreme Court petition nor discussed by the court of appeal).  The factual basis for the

16  ineffective assistance of counsel claim presented in the state court proceedings is distinct from

17  the factual basis for the ineffective assistance of counsel claim presented in *Cyrus I*.

18      Accordingly, Petitioner did not exhaust these two claims at the time *Cyrus I* was filed,

19  *see, e.g., Robinson v. Kramer*, 588 F.3d 1212, 1216-17 (9th Cir. 2009) (exhaustion of *Marsden*

20  claim does not constitute exhaustion of *Faretta* claims; two claims are distinct), and *Cyrus I* was

21  properly dismissed.  Equitable tolling is therefore unavailable to Petitioner.

22                                  **CONCLUSION**

23      For the foregoing reasons, the Court DISMISSES the Petition for Writ of Habeas Corpus

24  as untimely.

25      Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

26  rule on whether Petitioner is entitled to a certificate of appealability in the same order in which

27  the petition is denied.  Petitioner has failed to make a substantial showing that his claims

28  amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

1    find the denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2    Consequently, no certificate of appealability is warranted in this case.

3            The Clerk shall enter judgment and close the file.

4            IT IS SO ORDERED.

5    DATED:        9/24/12

        LUCY H. KOH
6        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28